# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| AUXIN SOLAR INC., | |
| *Plaintiff,* | |
| v. | Ct. No. 23-00226 |
| UNITED STATES, | |
| *Defendant,* | |
| and | |
| BOVIET SOLAR TECHNOLOGY CO., LTD., ET AL., | |
| *Defendant-Intervenors.* | |
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., ET AL., | |
| *Plaintiffs,* | |
| and, | Ct. No. 23-00228 |
| FLORIDA POWER & LIGHT COMPANY, | |
| *Plaintiff-Intervenor,* | |
| v. | |
| UNITED STATES | |
| *Defendant,* | |

|  |  |  |
|---|---|---|
| and, | ) | |
| AUXIN SOLAR INC., ET ANO., | ) | |
| *Defendant-Intervenors.* | ) | |
| RED SUN ENERGY LONG AN COMPANY LIMITED, | ) | |
| *Plaintiff,* | ) | Ct. No. 23-00229 |
| v. | ) | |
| UNITED STATES, | ) | |
| *Defendant,* | ) | |
| and, | ) | |
| AUXIN SOLAR INC., | ) | |
| *Defendant-Intervenor.* | ) | |

## PLAINTIFF'S MOTION TO COMPLETE AND/OR SUPPLEMENT THE RECORD

Pursuant to Rules 7(B) and 73.2(b)(3) of the Rules of this Court, and pursuant to 19 U.S.C. § 1516a(b)(2)(A)(i), Plaintiff Red Sun Energy Long An Company Limited ("Red Sun" or "Plaintiff") hereby respectfully moves this Court for an order directing Defendant United States to complete or otherwise supplement the administrative record to provide

all information provided to or otherwise obtained by the U.S. Department of Commerce ("Commerce") during the course of the administrative proceeding being appealed. As discussed below, Commerce has omitted several critical pieces of information from the official certified copy of the administrative record it recently filed with the Court, including (1) correspondence with Red Sun concerning its filing difficulties with ACCESS, Commerce's electronic filing system, (2) Workflow® communications and ACCESS filing confirmation receipts, and (3) other *ex parte* communications with Red Sun during the course of the administrative proceeding. The Court should order Commerce to complete the administrative record by providing all such documents and/or communications with Red Sun in its possession that occurred during the course of this proceeding.

## I. BACKGROUND

Plaintiff filed this action challenging Commerce's improper and unlawful use of "adverse facts available" ("AFA") as to Plaintiff in the Final Determination of the circumvention inquiries on the antidumping and countervailing duty orders on *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of*

*China. See generally* Compl. (ECF No. 10).  Specifically, Commerce applied AFA to Red Sun due to its "untimely" quantity and value submission.[1]  In total, Commerce found that eight companies from Vietnam failed to respond to the Q&V questionnaire.[2]  While Commerce applied AFA as to these eight companies—Red Sun was the ***only*** company out of the eight which actually attempted to submit a response to Commerce's Q&V questionnaire.[3]  Red Sun filed its quantity and value response on April 29, 2022, and this submission was subsequently rejected by Commerce *eight* months later on December 13, 2022.[4]

  As Plaintiff detailed in its complaint, Commerce's actions are

---

[1] *See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57419, 57425 (Aug. 23, 2023), P.R. 751 ("*Final Circ. Determination*"), and accompanying Issues and Decision Memorandum at Cmt. 9 (Aug. 18, 2023), P.R. 749.

[2] *Final Circ Determination*, at 57425.

[3] *See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, Form the People's Republic of China: Preliminary Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 87 Fed. Reg. 75221 (Dec. 8, 2022), P.R. 620 ("*Prelim. Circ. Determination*") and accompanying Issues and Decision Memorandum, at 2, 14 (Dec. 1, 2022), P.R. 617 ("Vietnam PDM").  See also Commerce Memorandum, "Removal of Documents from the Record," (Dec. 1, 2022), P.R. 636.

[4] *See* Compl. ¶¶ 12-14.

4

unlawful and otherwise unsupported by substantial evidence. *See* Compl. at ¶ 32. Given the significant consequences of Commerce's use of AFA against Plaintiff, which is based on an "incomplete record," surrounding the "timeliness" of Red Sun's quantity and value submission, *see, e.g.*, Compl. ¶¶ 23, 24, 27, the administrative record is of the utmost importance in this case.

 Defendant United States transmitted the official certified copy of the administrative record to this Court on January 2, 2024. *See* Administrative Record for U.S. Department of Commerce (ECF No. 19). In transmitting the record, Defendant provided a Declaration affirming it had "prepared a true and complete copy of the administrative record" in this case, including "all documents pertaining to the above-referenced proceeding presented to or obtained by the Secretary of Commerce or her delegates during the proceeding." *See* Declaration of Jeffrey Pedersen (Jan. 2, 2024) (ECF No. 19-3). This Court has previously explained that the administrative record is not necessarily "those documents that the agency has compiled and submitted as 'the' administrative record"; rather the administrative record "consists of all documents and materials directly or indirectly considered by agency

5

decisionmakers and includes evidence contrary to the agency's position."[5]

However, as requested by Plaintiff in several instances during the underlying administrative proceeding,[6] Commerce refused to place critical pieces of correspondence on the record that would have explained the circumstances around Red Sun's attempts to timely file its quantity and value response.  In considering that Plaintiff was a *pro se* respondent at the time of its quantity and value submission, in addition to being a first-time participant in a proceeding before Commerce, *see* Compl. ¶ 9, completion of the entire administrative record, including *ex parte* communications and ACCESS filing attempts, are critical in determining whether Commerce's ultimate application of AFA as to Plaintiff was supported by record evidence.

More specifically, correspondence between Commerce and Red Sun that occurred prior to Red Sun's April 29, 2022, submission is

---

[5] *Hyundai Electric & Energy Systems Co., Ltd v. United States*, 477 F.Supp.3d 1324, 132 (Ct. Int'l Trade 2020), *citing*, *F. Lli De Cecco Di Filippo Fara San Martino S.P.A. v. United States*, 980 F. Supp. 485, 488–89 (Ct. Int'l Trade 1997).

[6] *See e.g.*, Letter from Trade Pacific PLLC, "Request to Supplement Rejection Memo and Place Correspondence with Red Sun on the Record," (Jan. 6, 2023), P.R. 650; Letter from Trade Pacific PLLC, "Red Sun's Second Tranche Case Brief," (Apr. 19, 2023), P.R. 715.

relevant to addressing numerous statutory and regulatory questions relevant to Red Sun's contention that it tried to cooperate to the best of its ability.  For example, the current record lacks information to evaluate whether Commerce followed guidance in 19 U.S.C. § 1677m(c)(2) that it "shall take into account any difficulties experienced by the interested parties, particularly small companies…and shall provide to such interested parties any assistance that is practicable." Similarly, if Red Sun attempted to file its Q&V response on or before April 20, 2022, the record lacks information to understand whether or the extent to which Commerce provided Red Sun "a written explanation of the reasons for not accepting the information" as instructed in 19 U.S.C. §1677m(f).  Along this same line, if Red Sun attempted to file a Q&V response within the established due date but the submission did not conform to requirements for establishing business proprietary treatment of information under 19 C.F.R. § 351.304, the current ACCESS record filed by Defendant lacks information to evaluate whether Commerce provided "a written explanation" to Red Sun regarding the reasons for the rejection and its options to conform the submission as described in 19 C.F.R. § 351.304(d)(1).

Accordingly, in order to determine whether Commerce's application of AFA as to Plaintiff was in accordance with the law and supported by substantial evidence, the Court should order Defendant to place all place all *ex parte* correspondence with Red Sun on the record, including Workflow® communications and ACCESS confirmation receipts in response to all ACCESS filings by Red Sun.

*   *   *   *   *

Respectfully submitted,

Dated: April 2, 2024

/s/ Jonathan M. Freed
Jonathan M. Freed
Robert G. Gosselink
Kenneth N. Hammer
MacKensie R. Sugama
Doris Di
Trade Pacific PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003
Phone: (202) 223-3760
Email: jfreed@tradepacificlaw.com

*Counsel for Red Sun Energy Long An Company Limited*