IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

_____
)
RED SUN ENERGY LONG AN )
COMPANY LIMITED, )
)
    Plaintiff, )
)
    v. )   Court No. 23-00229
)
UNITED STATES, )
)
    Defendant, )
)
    and )
)
AUXIN SOLAR INC., )
)
    Defendant-intervenor. )
_____ )

## STIPULATION FOR ENTRY OF JUDGMENT

The parties respectfully submit this action for stipulated judgment on the following statement of facts to which the parties agree:

1.     Red Sun Energy Long An Company Limited (Red Sun) is a manufacturer of solar cells and modules from the Socialist Republic of Vietnam (Vietnam). Red Sun challenged the U.S. Department of Commerce's (Commerce) final determination, *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope*

*Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023) (*Final Determination*), with respect to Vietnam,[1] in this matter).

2. In the *Final Determination*, Commerce applied facts available with an adverse inference (AFA) against Red Sun, which resulted in Red Sun's exclusion from being able to certify its products as non-subject merchandise under Commerce's determination that solar modules from Vietnam were circumventing the antidumping and countervailing duty orders on solar modules from China. *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 87 Fed. Reg. 75,221 (Dep't of Commerce Dec. 8, 2022).

3. Because Commerce had concluded that all exports from Vietnam were presumptively circumventing the orders on Chinese solar products,

---

[1] Because Red Sun is challenging only Commerce's determination with respect to Vietnam, this stipulated judgment and the amended final determination that will arise from it pertain solely to that determination and have no effect on the circumvention determinations regarding Cambodia, Malaysia, and Thailand.

2

Commerce included an exclusion certification process to allow merchandise to enter duty free if certain conditions were met. See *Preliminary Determination*, 87 Fed. Reg. at 75,228-30.

4. During the underlying proceeding, Commerce found that Red Sun had failed to timely respond to Commerce's initial quantity and value questionnaire and, therefore, exercised its adverse facts available authority to exclude Red Sun from being able to use the certification process identified above in paragraph 3 of this stipulation. *Id.* at 75,225 (unchanged in final).

5. Red Sun is a small Vietnamese solar products manufacturer that responded *pro se* to Commerce's Q&V questionnaire. Red Sun had timely attempted to upload its response and had received confirmation from the agency that it had successfully uploaded its response. The response did not upload, however, and the record is unclear as to why that happened. Red Sun did not learn that Commerce had not received its questionnaire response until Commerce issued its preliminary determination, almost eight months later.

6. The parties subsequently entered into negotiations designed to resolve amicably Red Sun's claims in this case.

7. Without admitting liability or otherwise, the parties have agreed to settle all of Red Sun's claims in this action, including any claims that Red Sun could have been brought against the United States under any

jurisdictional provision of 28 U.S.C. § 1581, relating to the *Final Determination* identified above in paragraph 1 of this stipulation. That settlement has been reached pursuant to the Department of Justice's inherent and statutory authority to compromise and settle litigation and has been approved by the Attorney General's authorized representative.

8. The United States, acting through the Department of Commerce, shall:

   a. Within 10 days of entry of dismissal in accordance with the stipulated judgment, issue for publication in the Federal Register an amended *Final Determination* in which it removes Red Sun Energy Co., Ltd. from the list of companies in Appendix II of the *Final Determination* for which parties may not file the certifications that are in Appendix VI of the *Final Determination*. The effective date of the removal of Red Sun Energy Co., Ltd., from the list of companies in Appendix II of the *Final Determination* shall be the date of initiation of the circumvention inquiry, April 1, 2022. Litigation regarding the other issues in the *Final Determination* with respect to exports from Vietnam will otherwise proceed as scheduled; and

   b. Within 15 days following publication in the Federal Register of Commerce's amended *Final Determination*, issue instructions to U.S. Customs and Border Protection (CBP) notifying CBP that importers and exporters are permitted to use the certifications described in the *Final Determination* with respect to Vietnam-origin Cells and Modules from Red Sun Energy Co., Ltd. entered into the United States, or withdrawn from warehouse, on or after April 1, 2022.

9. Red Sun will not pursue litigation with respect to Commerce's determination to rescind the 2021-2022 administrative review of the antidumping duty order on crystalline silicon photovoltaic cells, whether or

4

not assembled into modules, from the People's Republic of China with respect to Red Sun. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of Antidumping Administrative Review, and Preliminary Determination of No Shipments*; 2021-2022, 89 Fed. Reg. 457 (Dep't of Commerce Jan. 4, 2024).

10. Each party shall bear its own attorney fees, costs, and expenses.

11. Red Sun waives any right to appeal, to challenge, or to make any claim with respect to, or arising from, the *Final Determination* referenced in paragraph 1 of this stipulation as it relates to the claims articulated in this case, the amended final determination issued pursuant to the terms of paragraph 8.a of this stipulation as it relates to the claims articulated in this case, and the CBP instructions described in paragraph 8.b. of this stipulation, other than a claim by motion or otherwise that the amended final determination or CBP instructions fail to comply with the terms of the stipulated judgment.

12. No provision in the requested stipulated judgment, whether express or implied, shall mandate the payment of any money by the United States. Nothing in the requested stipulated judgment shall be interpreted as, or shall constitute, a requirement that the United States is obligated to pay any funds.

13. Any alleged breach of any obligation or provision of this stipulated judgment, whether express or implied, shall not give rise to any claim for money damages against the United States, including any claim under the Tucker Act for money damages, and plaintiff expressly waives any right to assert such a claim.

14. By entering into this stipulation, the United States does not admit that Commerce made any error or acted unlawfully during the underlying administrative proceedings.

WHEREFORE, the parties respectfully request that the Court enter judgment pursuant to the terms set forth in the attached Order Of Judgment By Stipulation.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

    /s/  REGINALD T. BLADES, Jr.
    Assistant Director

|  |  |
|---|---|
|  | /s/ STEPHEN C. TOSNI<br>Senior Trial Counsel<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel.: (202) 616-5196<br>Email:  stephen.tosini@usdoj.gov |
| October 31, 2024 | Attorneys for Defendant |
|  | /s/ JONATHAN M. FREED<br>Trade Pacific PLLC<br>700 Pennsylvania Avenue, SE, Suite 500<br>Washington, DC 20003<br>(202) 223-3760<br>Email: jfreed@tradepacificlaw.com |
| October 31, 2024 | Attorneys for Plaintiff |
|  | /s/ THOMAS M. BELINE<br>Cassidy Levy Kent (USA) LLP<br>2112 Pennsylvania Avenue, NW, Ste. 300<br>Washington, DC 20037<br>(202) 567-2316<br>Fax: (202) 567-2301<br>Email: tbeline@cassidylevy.com |
| October 31, 2024 | Attorneys for Defendant-Intervenor |

THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

_____

|  |  |
|---|---|
| RED SUN ENERGY LONG AN COMPANY LIMITED, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Court No. 23-cv-00229 |
| UNITED STATES, ) ) | |
| Defendant, ) ) | |
| and ) ) | |
| AUXIN SOLAR INC., ) ) | |
| Defendant-intervenor. ) ) | |

_____

ORDER OF JUDGMENT BY STIPULATION

Pursuant to Rule 54 of the Rules of the United States Court of International Trade and upon consideration of the stipulation by all parties, and no party having filed an objection, now, in accordance with the parties' stipulation,

ORDERED that this action is decided and this final judgment is to be entered by the Clerk of the Court and, it is further

ORDERED that the Department of Commerce shall:

a. within 10 days of entry of dismissal in accordance with this stipulated judgment, issue for publication in the Federal Register an amended *Final Determination* in which it removes Red Sun Energy Co., Ltd. from the list of companies in Appendix II of the *Final Determination* for which parties may not file the certifications that are in Appendix VI of the *Final Determination*.

    The effective date of the removal of Red Sun Energy Co., Ltd., from the list of companies in Appendix II of the *Final Determination* shall be the date of initiation of the circumvention inquiry, April 1, 2022; and

b.   within 15 days following publication in the Federal Register of Commerce's amended *Final Determination*, issue instructions to U.S. Customs and Border Protection (CBP) notifying CBP that importers and exporters are permitted to use the certifications described in the *Final Determination* with respect to Vietnam-origin Cells and Modules from Red Sun Energy Co., Ltd. entered into the United States, or withdrawn from warehouse, on or after April 1, 2022.

    ORDERED that no provision in this stipulated judgment, whether express or implied, shall mandate the payment of any money by the United States. Any alleged breach of any obligation or provision of this stipulated judgment, whether express or implied, shall not give rise to any claim for money damages against the United States, including any claim under the Tucker Act for money damages, plaintiff having expressly waived any right to assert such a claim.

    ORDERED that, this action is dismissed with prejudice and each party shall bear its own attorney fees, costs, and expenses and, it is further

    ORDERED that the Court retains jurisdiction to enforce the terms of this stipulated judgment.

_____
               JUDGE

Dated: _____, 2024
       New York, NY